**The People of the State of Illinois, Defendant in Error, v. Clarence White, Plaintiff in Error.**

**Gen. No. 11,274.**

Second District, Second Division.

February 8, 1960.

Rehearing denied March 14, 1960.

Released for publication March 14, 1960.

325

John R. Snively, of Rockford, for plaintiff in error.

John B. Anderson, State's Attorney (Rosario A. Gaziano, Assistant State's Attorney, of counsel) for defendant in error.

JUSTICE WRIGHT delivered the opinion of the court.

An information was filed in the County Court of Winnebago County, Illinois, charging the defendant, Clarence White, with operating a motor vehicle within this state after his operator's license had been revoked. The defendant entered a plea of not guilty to the information and waived trial by jury. He was tried before the trial judge, found guilty of driving after revocation of his operator's license and thereupon was sentenced to seven days imprisonment in the county jail. The defendant sued out a writ of error to this court to review the conviction.

The only witness who testified in behalf of the People was Delbert Peterson, a police officer of Rockford, Illinois. People's Exhibit No. 1, a certificate of the Secretary of State of the State of Illinois was admitted in evidence in behalf of the People certifying a report of conviction of the defendant and an order of revocation of his operator's license. Defendant did not testify and no evidence was introduced in his behalf. Mr. Peterson testified that on April 20, 1957, at about 7 o'clock P. M. he observed a car which he thought was being driven too fast and stopped the driver in order to warn him. He then asked for his driver's license and was told by the driver of the automobile that he didn't have it with him and that he probably left it at home in his other pants pocket. Mr. Peterson then told the driver to come with him to the police car and that he would check with the station. He then radioed to the station to see if this man had a license. The driver of the car then told him, "I might as well tell you my license has been revoked." After this conversation, the police officer arrested the driver and they drove to the police station in Mr. Peterson's car. The police officer then testified that the driver of the car gave his name as Clarence White. That he showed identification to that effect, said he was Clarence White and they discussed the fact his license had been revoked.

The information which was signed by Robert L. McDonald, Assistant State's Attorney in and for said County of Winnebago, and sworn to by him, stated as follows:

"Now on this day comes into open court, in his own proper person Robert L. McDonald, Assistant State's Attorney in and for said County, in the name and by the authority of the People of the said State of Illinois, and informs the said court that one Clarence White, late of said County of Winnebago and State of Illinois, on the 20th day of April, in the year of our Lord one

thousand nine hundred and fifty-seven, at and within the said County of Winnebago, in the State of Illinois aforesaid, Clarence White being then and there a person whose operator's license to operate a motor vehicle has heretofore been suspended or revoked as provided in 'An Act in Relation to Motor Vehicles,' approved June 20, 1919, as amended, did unlawfully and wilfully operate a motor vehicle upon a public highway while such license was suspended or revoked, contrary to the form of the statute in such case made and provided and against the peace and dignity of the same people of the State of Illinois."

The defendant contends: (1) that an Assistant State's Attorney does not have the power or authority to prosecute by information in his own name in the county court; (2) that the information is fatally defective; (3) that the trial court erred in the admission of evidence in the following respects: (a) the records of the Secretary of State are not admissible; (b) there is no proof of the identity of the defendant and (c) there is no proof of the corpus delicti; and (4) that the evidence is insufficient to sustain the conviction.

■■ The defendant cites cases from other jurisdictions to the effect that the Assistant State's Attorney does not have the power or authority to prosecute by information in his own name but cites to us no Illinois cases for this proposition. We have previously held in People v. Peters, 10 Ill.App.2d 567, 135 N.E.2d 673 (Abstract Opinion), that an information signed by the Assistant State's Attorney is not void. The Supreme Court of Indiana in Hamer v. State, 163 N. E. 91, stated it was the universally accepted rule that "an indictment is not invalid because it is signed by a duly appointed deputy or assistant prosecutor, 31 C. J. 620, and that an information may be filed by a deputy or assistant prosecutor, 31 C. J. 625."

We stated at pages 3a–4 of the abstract opinion in People v. Peters, supra, as follows:

"Our statute provides that all offenses cognizable in county courts shall be prosecuted by information of the state's attorney, attorney general, or some other person and shall be verified by affidavit of some person that the same is true or that the same is true as he is informed and believes. The statute also provides that before an information is filed by any person other than the state's attorney or attorney general, the judge of the court shall examine the information and may examine the person presenting the same and require other evidence and satisfy himself that there is probable cause for filing the same and so indorse the same. (Ill. Rev. Stat., chap. 37, sec. 289.) Section 18, chap. 53, Ill. Rev. Stat., provides that where assistant state's attorneys are required in any county, the number of such assistants and the salaries to be paid such assistants shall be determined by the board of supervisors, and the salaries of such assistants shall be paid out of the county treasury, such assistant state's attorneys to be named by the state's attorney of the county and, when so appointed, shall take the oath of office in like manner as state's attorneys and shall be under the supervision of the state's attorney. There is no merit in the contention of plaintiff in error that this information is void because not signed by the state's attorney. The statute was complied with, and counsel furnish us with no authority to sustain his contention."

The information is based on Section 6—303 of Chapter 95½, Ill. Rev. Stat., 1957, which provides as follows:

"Any person who drives a motor vehicle on any highway of this State at a time when his operator's or chauffeur's license or permit or privilege so to do or his privilege to obtain a license or permit under

329

this Act is revoked or suspended as provided by this Act or any other Act, except as may be allowed by a restricted driving permit issued under this Act, shall be punished by imprisonment for not less than 7 days nor more than 1 year and there may be imposed in addition thereto a fine of not more than $1,000."

The Illinois Criminal Code provides that every indictment shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statute creating the offense, or so plainly that the nature of the offense may be easily understood by the jury. (Ill. Rev. Stat., 1957, chap. 38, par. 716.) Every information shall set forth the offense with reasonable certainty, substantially as required in an indictment. Ill. Rev. Stat., 1957, chap. 37, par. 289.

■■■■■ The Illinois constitution provides that in all criminal prosecutions the accused shall have the right to demand the nature and cause of the accusation against him. (Const. art. II, sec. 9, S. H. A.) The purpose of this guaranty is to secure to the accused such a specific designation of the offense charged against him as will enable him to fully prepare for his defense, and to plead the judgment in bar of a subsequent prosecution for the same offense. People v. Barnes, 314 Ill. 140, 145 N. E. 391. As a general rule, it is sufficient in an indictment or information to state the offense in the language of the statute in those cases where the statute clearly defines the offense. However, where the statute does not define or describe the act or acts constituting the offense created, such acts must be specifically alleged. It is essential that criminal pleadings be sufficiently specific, first, that the defendant may know the nature of the charge so that he may adequately prepare his defense and, second, that the record of his acquittal or conviction may be a bar to a subsequent prosecution for the same offense. People v. Peters, 10 Ill.2d 577, 141 N.E.2d 9.

The Illinois Supreme Court in People v. Peters, supra, held that an information charging defendant with the unauthorized practice of law was not sufficiently specific because it failed to allege what the representations complained of were; to whom the representations were made; whether verbally or in writing and whether made directly or indirectly. The court stated that the information was not specific enough to advise defendant of the nature of his offending act so that he might adequately prepare his defense or plead the record in bar to a subsequent prosecution for the same offense.

██ Defendant cites the Illinois Supreme Court case of People v. Peters, supra, and a line of cases similar thereto for the proposition that the information now before us is fatally defective. With this contention, we cannot agree. It is our opinion that the information is sufficiently specific so that the defendant knew the nature of the charge that he was called upon to defend and that the record of his conviction is a bar to a subsequent prosecution for the same offense. The information specifically states that Clarence White on the 20th day of April, 1957, in Winnebago County, Illinois, did unlawfully and wilfully operate a motor vehicle upon a public highway. That he did this specific act while his operator's license to operate a motor vehicle was suspended or revoked. The defendant was thoroughly and adequately appraised of all charges that he was to meet and defend.

The People introduced a certificate of the Secretary of State which certified "that the following and hereto attached is a true photostatic copy of a Report of Conviction of the 14th day of March A. D. 1955 received by this Office from the County Court of Winnebago County at Rockford, Illinois, and an order of Revocation dated at this Office as of the 19th day of March A. D. 1955 against the driving privileges of Clarence White, 3004 Cunningham Road, Rockford,

Illinois, the original of which is now on file and a matter of record in this Office." This certificate was signed by Charles F. Carpentier, Secretary of State of the State of Illinois, and bore the seal of his office. The defendant contends that the court committed reversible error in the admission of these records so certified by the Secretary of State.

The Secretary of State is required by statute to maintain a record of license revocations and of convictions. Chapter 95½, Section 6—123, Illinois Revised Statutes, 1957, provides in part, as follows:

"(b) The Secretary of State shall maintain appropriate records of all licenses and permits refused, cancelled, revoked or suspended and of the revocation and suspension of driving privileges of persons not licensed under this Act, and such records shall note the reasons for such action.

"(c) The Secretary of State shall maintain appropriate records of convictions reported to him under this Act."

In Tucker v. People, 117 Ill. 88, 7 N. E. 51, wherein the defendant was tried for the crime of bigamy, it was stated by the court that registrations of births and marriages properly verified made pursuant to the statutes of any of the United States are competent evidence for the reason that such records were made by public authority, and under the sanction of official duty. In People v. Joyce, 154 Ill. App. 13, the defendant was prosecuted for the unlawful sale of intoxicating liquor in the town of Rockford while it was anti-saloon territory. The trial court admitted evidence of an examined copy of a record of the defendant in the office of the Collector of Internal Revenue indicating that he had purchased a stamp for the sale of liquor at retail. There was a statute requiring the keeping of such records and the Appellate Court held that such record when considered in connection with

332

the statute under which it was made and kept was admissible in evidence.

██ Properly authenticated copies or transcripts of public records are admissible whenever the originals would be admissible; however, it is usually necessary that the copy be properly certified or otherwise duly authenticated, and in the absence of evidence to the contrary, the presumption that a certificate or certified copy was signed or authorized to be signed by the officer whose name appears thereon is sufficient to admit the document in evidence. Morrison v. People, 196 Ill. 454, 63 N. E. 989. (See: Extension of public documents exception to the hearsay rule, 1954 Illinois Law Forum, 336.) Consideration of inconvenience and danger of loss in removing a public record from its usual place of keeping led to the common law rule that a public record might be proved by a copy certified by the custodian, under his official seal if he had one. Stevison v. Earnest, 80 Ill. 513; Golder v. Bressler, 105 Ill. 419.

█ The Secretary of State by virtue of the requirements of Chapter 95½, Section 6—123, supra, maintained a record of the fact that the defendant had previously been convicted of driving while intoxicated and maintained a record of the fact that his driver's license had been revoked. A certified copy of these records maintained by the Secretary of State pursuant to statutory mandate under his signature and seal were properly admitted in evidence. The trial court did not commit reversible error in admitting these records in evidence.

██ There is in the record sufficient proof of the identity of the defendant, proof of the corpus delicti and evidence to sustain the conviction. The identification of the defendant and evidence was sufficient for the trial judge, and we are in no position to disturb his determination in that regard. People

v. Burts, 13 Ill.2d 36, 147 N.E.2d 281. This court on review will not disturb the verdict of guilt on the basis that the evidence is not sufficient to convict unless the evidence is so palpably contrary to the verdict or so unreasonable, improbable or unsatisfactory as to justify entertaining a reasonable doubt of defendant's guilt. People v. McClain, 410 Ill. 280, 102 N.E.2d 134.

Judgment affirmed.

SOLFISBURG, P. J. and CROW, J., concur.