No. 24718.

The People of the State of Colorado *v.*
John Douglas Kelley.
(470 P.2d 32)

Decided June 1, 1970.

Floyd Marks, District Attorney, Stanley B. Bender, Chief Deputy, Harlan R. Bockman, Assistant, for appellants.

Carroll & Bradley, P. C., John S. Carroll, for appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

THIS is an interlocutory appeal by the People from a judgment and order of the district court suppressing an extrajudicial statement made by defendant John Douglas Kelley. The defendant moved to suppress on the grounds that the statement was not made voluntarily, knowingly and intelligently, and that the police had denied him the right to counsel. After a hearing on the motion, the trial court ordered the suppression of the statement.

The People assert on appeal that the trial court erred because the evidence presented at the hearing showed conclusively that prior to giving the statement to a sheriff's office investigator, the defendant was fully advised of his constitutional rights; that he understood these rights; and that he expressly waived these rights, including the right to have an attorney present during interrogation. The People argue that the investigator's testimony supports the conclusion that the defendant made a voluntary, knowing and intelligent waiver of counsel after being advised of his rights in a manner which fully satisfies the requirements laid down in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694, 10 A.L.R. 3d 974.

In reviewing this record, we find that the evidence is not conclusive on these vital issues raised at the suppression hearing. There was a clear conflict in the testimony given to support the motion and in the evidence presented in opposition. Under these circumstances, it is the function of the trial court and not the reviewing court to weigh the evidence and make a finding on the pertinent issues. The trial court found ". . . that the advisal of rights was insufficient." This finding is supported by evidence in this record, and we therefore affirm the order of the trial court.

Only a brief resume of the facts and evidence is neces-

sary for the purpose of this opinion. The defendant was arrested at the scene of an alleged burglary of a doctor's office building. Over 24 hours later, while in custody at the Adams County Sheriff's Office, he was interviewed by an investigator of the Sheriff's Office. He had not yet been taken before a county judge as required by Crim. P. 5 (a) (1).

At the hearing, the investigator testified that he informed the defendant of all his constitutional rights as required by *Miranda*. In this regard, he stated that the defendant was orally advised of his constitutional rights; that he waived these rights; and that he signed an advisement form acknowledging that he had been advised of his rights and that he waived them. The investigator also testified that, in his opinion, the defendant fully understood his constitutional rights and that he knowingly waived the right to have an attorney present. The investigator further testified that at the time of interrogation, the defendant's "appearance was very shaky, he seemed to be, well, he was just shaky, his voice quivered and his hands shook." Later in his testimony, the investigator said that the defendant told him that his shakiness was caused by "withdrawal symptoms from drugs," and that he was taking librium, which had been prescribed, to assist him in his efforts to break his drug habit.

The defendant testified that prior to the interrogation, the investigator made no mention of who he was; that he was dressed in street clothes; and that because he had called his folks and asked them for a public defender, he was under the impression that the investigator was a public defender. The defendant also testified that the investigator did not identify himself until after the statement was taken, and that had he known of the investigator's identity, he would not have answered the investigator's questions regarding the alleged burglary.

As to his signatures on the advisement form and the statement, the defendant testified that he did not realize

what he was signing. It is to be noted that, with the exception of the signatures on the advisement form and the statement, all other writing was that of the investigator.

This evidence reveals a conflict on the vital issues of whether, under these circumstances, the defendant was sufficiently advised of his constitutional rights; and, if he was, whether he intelligently and voluntarily waived these rights, including his right to have an attorney present during the interrogation.

■ Before a criminal defendant's extrajudicial statement is admissible as evidence against him, a trial court must find beyond a reasonable doubt that the defendant was fully informed of his constitutional rights, and that he intelligently and expressly waived them. *Miranda, supra; Fernandez v. Beto,* 281 F.Supp. 207; *State v. Davis,* 73 Wn.2d 281, 438 P.2d 185.

The trial court obviously entertained a reasonable doubt on those prerequisites which renders an accused's extrajudicial statement admissible as evidence. Therefore, the trial court was, on this basis, required to suppress the defendant's statement.

Judgment affirmed.