## No. 25047.

### THE PEOPLE OF THE STATE OF COLORADO v. GILBERT RAY MORENO.
(491 P.2d 575)

Decided December 13, 1971.

FLOYD MARKS, District Attorney, STANLEY B. BENDER, Chief Deputy, DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, AUREL M. KELLY, Assistant, for plaintiff-appellee.

ROLLIE R. ROGERS, State Public Defender, J. D. MAC-FARLANE, Chief Deputy, LAWRENCE J. SCHOENWALD, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

THIS is an interlocutory appeal by the defendant, Gilbert Ray Moreno, from a ruling of the district court of Adams County. It was perfected under the provisions of C.A.R. 4.1 after the trial court denied a motion to suppress a statement which was made by the defendant following his arrest for grand theft and conspiracy to commit grand theft.

The defendant claims that he was arrested pursuant to an arrest warrant which was issued without probable cause and that any statement he made subsequent thereto was the fruit of an illegal arrest and, therefore, inadmissible. In particular, he contends that the complaint supporting the arrest warrant failed to set forth facts sufficient to satisfy the probable cause requirements of the Fourth Amendment to the United States Constitution, Article II, Section 7 of the Constitution of Colorado, and Rule 4 of the Colorado Rules of Criminal Procedure. The defendant also claimed at the time of the suppression hearing that the statement should have been suppressed on the ground that it was made involuntarily.

The arrest warrant in issue was premised upon the following complaint:

"Anthony Divirgilio, being duly sworn, on oath says, that on or about the 19th day of August 1970, one GILBERT RAY MORENO at the approximate location of Denver Dry Goods Co., Inc., 10588 Melody Dr. at the approximate time of 2:00 PM, in the County of Adams and State of Colorado, did then and there: commit the crime of Grand Theft by unlawfully and feloniously taking one Omega wristwatch from the Associated Dry Goods Corporation, a Virginia corporation doing business in Colorado as The Denver Dry Goods Company of the value of over One Hundred Dollars ($100.00);

"AND AS A FURTHER AND SECOND COUNT, informs the Court that on the 19th day of August 1970, at the

County of Adams, State of Colorado, GILBERT RAY MORENO did then and there unlawfully and feloniously, agree, conspire and cooperate with some person or persons to the District Attorney unknown, to do and to aid in the doing by them, or some one or more of them; at the County of Adams, State of Colorado, of an unlawful act, namely, a felony against the building of the Associated Dry Goods Corporation, a Virginia corporation doing business in Colorado as The Denver Dry Goods Company, which felony was the crime of Theft as defined by Colorado Revised Statutes 1963, 40-5-2 as amended, and is the transaction described in Count One of this complaint; in violation of 40-5-2 & 40-7-35 C.R.S., 1963 as Amended and contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the People of the State of Colorado, and therefore prays that the said GILBERT RAY MORENO be arrested and dealt with according to law."

We find the complaint to be void of facts sufficient to establish probable cause. To support the issuance of an arrest warrant, the complaint must comply with the probable cause requirements of the Fourth Amendment to the United States Constitution, Article II, Section 7 of the Constitution of Colorado, and Rules 3 and 4 (a) of the Colorado Rules of Criminal Procedure. Obviously, the existence of probable cause must be determined by a member of the judiciary, rather than by a law enforcement officer who is employed to apprehend criminals and to bring charges against those who choose to violate the law. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Johnson v. United States,* 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948). In determining whether or not probable cause exists, a judge should not accept without question the complainant's mere conclusion that the person whose arrest is sought has committed a crime. *Giordenello v. United States,* 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958). The United

States Supreme Court, in condemning the complaint in the Giordenello case, stated:

"The complaint contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein; it does not indicate any sources for the complainant's belief; and it does not set forth any other sufficient basis upon which a finding of probable cause could be made. We think these deficiencies could not be cured by the [Judge's] reliance upon a presumption that the complaint was made on the personal knowledge of the complaining officer."

Facing a similar fact situation in *People v. Sesslin*, 67 Cal.Rptr. 409, 439 P.2d 321 (1968), the California Supreme Court, in striking down an arrest warrant, provided us with this analysis of legal precedent:

"Although the Attorney General correctly points out that *Giordenello* rested on the federal rules of criminal procedure applicable to a federal prosecution, Aguilar v. State of Texas (1964) 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, grounded these rights in the Constitution. In that case, which involved a search warrant issued by a Texas justice of the peace, the United States Supreme Court said, 'The principles announced in *Giordenello* derived, therefore, from the Fourth Amendment, and not from our supervisory power.' . . . ."

. . . .

"In Barnes v. Texas (1965) 380 U.S. 253, 85 S.Ct. 942, 13 L.Ed.2d 818, in a case involving an arrest warrant, the Supreme Court in a per curiam opinion cited *Giordenello* and *Aguilar* as the sole basis for reversal of the conviction.[4] Barnes demonstrates that *Giordenello* and *Aguilar*

---

[4]"The Texas Court of Criminal Appeals held the following warrant valid on the assumption that *Giordenello* did not apply to the states: 'That heretofore, to wit: on or about the 29th day of May, A.D. 1962, and before the making and filing of this Complaint, in the County of Lubbock and State of Texas; Billy Joe Barnes and Johnny Leach did then and there unlawfully and fraudulently take from the pos-

must be read together as formulating the requirements of the Fourth Amendment for valid arrest as well as search warrants, and that the standard set forth in *Giordenello*, as clarified in *Aguilar*, United States v. Vantresca [sic] (1965) 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 and Jaben v. United States (1965) 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345, apply to the states through the Fourteenth Amendment. (Ker v. State of California, supra, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726.)"

 The conclusion that no arrest warrant may constitutionally issue on the basis of a complaint, such as the one which is before us, is also compelled by *Whiteley v. Warden, Wyoming State Penitentiary,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971), in which the Supreme Court said:

"The decision of this Court concerning Fourth Amendment probable cause requirements before a warrant for either arrest or search can issue require that the judicial officer issuing such a warrant be supplied with sufficient information to support an independent judgment that probable cause exists for the warrant. *Spinelli v. United States,* 393 U.S. 410 (1969); *United States v. Ventresca,* 380 U.S. 102 (1965); *Aguilar v. Texas,* 378 U.S. 108 (1964); *Rugendorf v. United States,* 376 U.S. 528 (1964); *Jones v. United States,* 362 U.S. 257 (1960); *Giordenello v. United States,* 357 U.S. 480 (1958). In the instant case — so far as the record stipulated to by the parties reveals — the sole support for the arrest warrant issued at Sher-

---

session of Southwestern Bell Telephone Company herein called "owner" good and lawful United States currency of the value of over Fifty and No/100 ($50.00) dollars, the same then and there being the corporeal personal property of the said "owner," from the possession of the said "owner" without the consent of the said "owner," and with the intent then and there to deprive the said "owner" of the value of the same, and to appropriate same to the use and benefit of them, the said Billy Joe Barnes and Johnny Leach against the peace and dignity of the State.' . . . ."

iff Ogburn's request was the complaint reproduced above. That complaint consists of nothing more than the complainant's conclusion that the individuals named therein perpetrated the offense described in the complaint. The actual basis for Sheriff Ogburn's conclusion was an informer's tip, but that fact, as well as every other operative fact, is omitted from the complaint. Under the cases just cited, that document alone could not support the independent judgment of a disinterested magistrate.

"The State, however, contends that regardless of the sufficiency of the complaint to support the arrest warrant, the Laramie police officer who actually made the arrest possessed sufficient factual information to support a finding of probable cause for arrest without a warrant. In support of this proposition, the State argues that a reviewing court should employ less stringent standards for reviewing a police officer's assessment of probable cause as a prelude to a warrantless arrest than the court would employ in reviewing a magistrate's assessment as a prelude to issuing an arrest or search warrant. That proposition has been consistently rejected by this Court. *United States v. Ventresca,* 380 U.S. 102, 105-109 (1965); *Aguilar v. Texas,* 378 U.S. 108, 110-111 (1964); *Jones v. United States,* 362 U.S. 257, 270-271 (1960). And the reason for its rejection is both fundamental and obvious: less stringent standards for reviewing the officer's discretion in effecting a warrantless arrest and search would discourage resort to the procedures for obtaining a warrant. Thus the standards applicable to the factual basis supporting the officer's probable cause assessment at the time of the challenged arrest and search are at least as stringent as the standards applied with respect to the magistrate's assessment. See *McCray v. Illinois,* 386 U.S. 300, 304-305 (1967)."

■ The complaint in the *Whiteley* case was condemned because of the conclusory language which was used. The complaint in this case is all but identical and will not support a valid arrest warrant.

These constitutional principles have also been incorporated in Rules 3 and 4 (a) of the Colorado Rules of Criminal Procedure, which provide:

*"Rule 3. The Felony Complaint*

"The felony complaint is a written statement of the essential facts constituting the offense charged and shall be made upon oath before any person authorized to administer oaths within the State of Colorado.

*"Rule 4. Warrant or Summons Upon Complaint —*
*Felony*

"(a) *Issuance*. If it appears to any judge of a court of record from the complaint that there is probable cause to believe that an offense has been committed by the defendant, a warrant for his arrest shall issue to any person authorized by law to execute it. Upon the request of the prosecuting attorney the county judge may issue a summons instead of a warrant. More than one warrant or summons may issue on the same complaint. If a defendant fails to appear in response to a summons, a warrant shall issue."

█ Should the judge to whom application has been made for the issuance of an arrest warrant determine that the complaint is insufficient, he can require that sworn testimony be offered to supplement the complaint or that the complaint be amended to set forth additional facts, if an arrest warrant is to be issued. Under Article II, Section 7 of the Constitution of Colorado, any testimony taken to supplement the complaint would have to be reduced to writing and signed by the witness or witnesses that offered the testimony under oath. *See People v. Brethauer,* 174 Colo. 29, 482 P.2d 369 (1971).

█ Our decision, like the *Whiteley* case, is limited to complaint practice. The charging process, when by indictment or information, is not governed by our decision. Crim. P. 7 (b) (3) permits the filing of a direct information and leaves the determination of probable cause to the preliminary hearing. Crim. P. 7 (g) (1). The grand jury, in returning a true bill, is the arbiter of

probable cause. It is clear that an indictment or information is sufficient if it charges a crime in the words of the statute. *Giordenello v. United States,* 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958); *Williams v. People,* 26 Colo. 272, 57 P. 701 (1899); *People v. White,* 24 Ill.App.2d 324, 164 N.E.2d 823, 80 A.L.R.2d 1060 (1960); *Van Liew v. United States,* 321 F.2d 664 (5th Cir. 1963). *See also* Dession, *From Indictment to Information — Implications of the Shift,* 42 Yale L.J. 163 (1932); Scigliano, *The Grand Jury, the Information, and the Judicial Inquiry,* 38 Ore. L. Rev. 303 (1959); and *Note, Initiation of Prosecution by Information — Leave of Court or Preliminary Examination?,* 25 Montana L. Rev. 135 (1963).

We have been obliged to hold that the arrest warrant in this case should not have been issued. Consequently, if the arrest of the defendant is to be upheld, the arresting officer must have had probable cause to believe that an offense had been committed by the defendant apart from the complaint. In addition, the officer must have been confronted with exigent circumstances. Otherwise, the officer's entry into a private home without a valid warrant for the purpose of arresting the defendant cannot be justified. *United States v. Dorman,* 435 F.2d 385 (C.A. D.C. 1969); *see Coolidge v. New Hampshire, supra; Warden v. Hayden,* 387 U.S. 294, 87 S.Ct. 1647, 18 L.Ed.2d 782 (1967). *See also Davis v. Mississippi,* 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969); *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Jones v. United States,* 357 U.S. 493, 78 S.Ct. 1253, 2 L.Ed.2d 1514 (1957). Since there are no facts in the record to show that the officers were confronted with exigent circumstances and that the officers had probable cause to believe that the defendant had committed a crime, we must direct that the matter be remanded to the trial court for a further hearing. The prosecution has the burden at the suppression hearing to show that the defendant was lawfully arrested. *See People v. Feltch,* 174 Colo. 383, 483 P.2d 1335 (1971);

*People v. Valdez,* 173 Colo. 410, 480 P.2d 574 (1971). On remand, if the prosecution is unable to establish that exigent circumstances existed, supported by probable cause, the arrest will, of course, be deemed to be unlawful.

The next question is whether a statement taken as the result of and following an unlawful arrest must be suppressed. We find the words of Chief Judge Tuttle of the Fifth Circuit, in the case of *Collins v. Beto,* 348 F.2d 823 (5th Cir. 1965), dispositive of this question:

"*Wong Sun* [*Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1962)] prohibits the introduction in a State criminal trial of a confession that is the result of an arrest violating the Fourth Amendment just as *Mapp* prohibits the reception of an object obtained through an unconstitutional search."

The issues which we have been compelled to decide in this case have far-reaching effects. The question of retroactivity is, of course, foremost in the minds of those who have been arrested following the filing of a conclusory complaint, and law enforcement officers are deeply concerned about steps that they have taken in the past to secure arrest warrants. It is, therefore, necessary for us to determine whether the Fourth Amendment requirements which we have enunciated today are to be applied retrospectively. On the basis of the United States Supreme Court decision in *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), which denied retrospective application of the Fourth Amendment requirements established in *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), we hold that retrospective application of the law established in this case is not constitutionally required. In *Williams v. United States,* 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971), the Court summarized those occasions when retroactivity is required, as follows:

"Where the major purpose of new constitutional doctrine is to overcome an aspect of the criminal trial which sub-

stantially impairs its truth-finding function and so raises serious questions about the accuracy of guilty verdicts in past trials, the new rule has been given complete retroactive effect."

Although the complaint practice followed by most law enforcement officials in Colorado affects the right of a defendant in maintaining his freedom and allows arrests on mere suspicion, it does not go to the essential truth-finding process at the time of the trial. Accordingly, we declare that the doctrine defined in the *Whiteley* case, and announced in this case, shall be effective as of the date of this opinion.

 On remand, if the arrest can be justified without a warrant, the trial judge must also make proper findings of fact relating to the validity of the statement which the defendant made after his arrest. The defendant claimed that his statement should have been suppressed because it was made involuntarily and was obtained in violation of his privilege against self-incrimination. The determination of voluntariness is primarily a matter to be resolved by the trial judge based upon the totality of the circumstances. *Billings v. People,* 171 Colo. 236, 466 P.2d 474 (1970). To conclude that a statement was given voluntarily, the trial judge must find that the statement was voluntary beyond a reasonable doubt. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *People v. Kelley,* 172 Colo. 39, 470 P.2d 32 (1970).

 At the hearing below, the trial judge ruled that the defendant's statement was voluntary, but findings of fact were not made. It is, therefore, necessary that the trial court make findings of fact if the arrest was lawful. On remand, the subjective test must be the trial judge's guide in determining whether the defendant was apprised of his rights and knew what those rights actually were. The question of compulsion is interlaced with the requirement that the four-fold warning required by the *Miranda* case be given. A stereo-type warning cannot be the sole basis of the court's determination that the state-

ment was voluntary and that the defendant was aware of his rights and waived and relinquished his rights under both the Fifth and Sixth Amendments to the United States Constitution. On remand, the trial court must look to the totality of the circumstances to determine whether the interrogation practices resulted in the defendant's will being overborne in view of his addiction to heroin, reliance upon methadone, and the alleged promises that help would be provided if the defendant cooperated. "[A]ny evidence that the accused was threatened, tricked, or cajoled into a waiver will show . . . that the defendant did not voluntarily waive his privilege." *Miranda v. Arizona, supra.*

In the conclusory finding made by the trial court, the court declared that the statements of the defendant were exculpatory and were, therefore, not within the parameter of *Miranda v. Arizona, supra.* To quote *Miranda* once again, "no distinction may be drawn between inculpatory statements and statements alleged to be merely 'exculpatory.' "

Accordingly, we reverse and remand this case to the trial court for two determinations: First, if the prosecution can establish that the arrest of the defendant was lawful without an arrest warrant, the court should then take testimony and make findings of fact relating to the defendant's statement, in accordance with the requirements which we have set forth in this opinion. Second, the trial court should suppress the statement if the prosecution fails to meet the requirements which would justify an arrest without a warrant and should also suppress the statement if the statement was taken in violation of the directives set forth in *Miranda v. Arizona, supra.*

On rehearing, the original opinion in this case is withdrawn, this opinion substituted, and the cause, therefore, reversed and remanded with directions for further proceedings consistent with this opinion.

MR. JUSTICE GROVES and MR. JUSTICE KELLEY specially concurring.

MR. JUSTICE GROVES specially concurring:

The majority opinion suggests that probable cause need not be demonstrated for a capias or arrest warrant issued under an information, and gives as the reason that "Crim. P. 7(b)(3) permits the filing of a direct information and leaves the determination of probable cause to the preliminary hearing. Crim. P. 7(g)(1)." In Colorado there can be a determination of probable cause at a preliminary hearing conducted following arrest under a complaint-based warrant as speedily and effectively as the preliminary hearing conducted under an arrest made by reason of an information. Crim. P. 5. If a showing of probable cause must be made in the *complaint* beyond a recitation of the statute allegedly violated, then the same showing must be made in the *information*. There simply is no logical distinction in this respect. Conversely, if this additional showing of probable cause can be supplied as to the information by a preliminary hearing, the same cure can be effected with respect to the complaint.

I favor a rule following the view of the remedial effect of the preliminary hearing. However, I find no escape from *Whiteley, supra*. Believing that the rule of *Whiteley* constitutes an unnecessary impediment upon law enforcement, I can only hope that the United States Supreme Court reconsiders the *Whiteley* rule, and disaffirms or modifies it.

MR. JUSTICE KELLEY joins in this concurring opinion.