### No. 24895

**Michael A. Olguin v. The People of the State of Colorado**
(497 P.2d 1254)

Decided June 19, 1972.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, John A. Purvis, Deputy, William R. Gray, Deputy, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, David A. Sorenson, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This appeal arises out of defendant Olguin's conviction of theft of an automobile. A direct information was filed in Boulder district court charging defendant with the theft. He was arrested on warrant or a capias issued out of the district court on the basis of the information filed by the district

attorney. Shortly thereafter, defendant was interviewed by a lawyer who was available through an arrangement in the Boulder district court to have two lawyers as acting public defenders to represent indigent persons, pending official activation of the state public defender's office on January 1, 1970. At oral argument of this case, it was admitted that the interviewing acting public defender advised defendant to remain silent if questioned by the police. Additionally, he advised defendant that he desired to be present at any questioning of defendant.

The next day, defendant was interviewed by a police officer and a deputy district attorney. He made an incriminating statement which he sought unsuccessfully to have suppressed by motion prior to trial. The statement was later used in the trial as evidence against the defendant.

I.

Defendant's first challenge to his conviction is that the information and accompanying affidavit contained merely legal conclusions and failed to set forth sufficient underlying facts from which the district judge could find probable cause to support the issuance of the warrant for defendant's arrest. The defendant argues that he was illegally arrested, and that the statement obtained from him while he was in custody should have been suppressed. We reject the contention as without merit.

In *People v. Moreno,* 176 Colo. 488, 491 P.2d 575, we noted:

"Our decision, like [that in *Whiteley v. Warden, Wyoming State Penitentiary,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971)] is limited to complaint practice. The charging process, when by indictment or information, is not governed by our decision. Crim. P. 7(b)(3) permits the filing of a direct information and leaves the determination of probable cause to the preliminary hearing. Crim. P. 7(g)(1). The grand jury, in returning a true bill, is the arbiter of probable cause. It is clear that an indictment or information is sufficient if it charges a crime in the words of the statute. [Citing cases] "

In line with numerous cases, we conclude the information

sufficiently advised defendant of the charge against him so as to enable him to defend against it, to protect him from further prosecution for the same offense (*See Ciccarelli v. People,* 147 Colo. 413, 364 P.2d 368), and to advise the jury of the nature of the offense charged (*See Sarno v. People,* 74 Colo. 528, 223 P. 41). It seems quite logical to hold that an information sufficient to provide a basis for defendant's conviction is clearly sufficient to provide a basis for bringing the defendant before the court in the first instance.

## II.

■ Defendant's second contention is that his incriminating statement was made in the absence of the acting deputy public defender and, therefore, his constitutional right to the effective assistance of counsel was denied him. On this basis, he argues the statement should have been suppressed, citing *Massiah v. United States,* 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246. That case did hold, *inter alia,*

"* * *that the petitioner was denied the basic protections of that guarantee [the Sixth Amendment] when there was used against him at his trial evidence of his own incriminating words, which federal agents had deliberately elicited from him after he had been indicted and in the absence of his counsel."

But the facts are distinguishable in the case at bar. *See also Miller v. California,* 382 U.S. 616, 88 S.Ct. 2258, 20 L.Ed.2d 1332.

Defendant was advised by the acting deputy public defender to remain silent and to request the attorney's presence at any questioning. At the suppression hearing, defendant stated that he knew what was meant by "rights," even though he asserted that he had not been advised of them by the police. When the officer and the deputy district attorney entered the room where defendant was waiting, they first introduced themselves and then engaged in some "small talk" not related to the case. Thereafter, the officer stated that he had reason to believe that defendant was involved in the theft of the automobile in Longmont, and wanted to talk to defendant in relation thereto. Defendant

immediately stated, "I don't know what you want to talk to me about. I did it," or words to that effect. There is a conflict in the testimony of the deputy district attorney and the officer as to whether defendant was formally advised of his right to remain silent and to have an attorney immediately before or immediately after this incriminating statement was made.

The lower court found that defendant's statement was voluntarily made, and not in response to a question. The evidence, viewed in a light most favorable to the People, *Vinyard v. United States*, 335 F.2d 176, supports this finding.

It is apparent from the record that defendant's admission of the theft was voluntary, *i.e.*, volunteered, and not deliberately elicited as in *Massiah v. United States, supra.* The statement was properly admitted into evidence.

Judgment is affirmed.

MR. JUSTICE GROVES dissenting.

MR. JUSTICE GROVES dissenting:

I respectfully dissent for the reason expressed in my special concurrence in *People v. Moreno,* 176 Colo. 488, 491 P.2d 575 (1971).