MR. JUSTICE LEE
delivered the opinion of'the Court.
This is an appeal from an adverse ruling by the trial court on appellant’s 35(b) motion.
On September 24, 1964, a robbery was committed by two masked men at the University Building in Denver. Subsequent investigation uncovered two latent fingerprints on a “TIDE” box found near the scene of the crime. The “TIDE” box was used by the robbers to transport the loot. These fingerprints compared with those of the defendant already on file with the Denver police department.
On October 6,1964, a complaint was issued by the Denver county court, charging defendant with aggravated robbery and conspiracy to commit aggravated robbery. A warrant was issued based on the complaint, and the defendant, who was in custody in Wyoming, was released to Denver officers and returned to Colorado for trial in January, 1965. When he arrived in Denver, he was re-fingerprinted.
During defendant’s trial, the prosecution introduced into *113 evidence the new set of fingerprints taken after defendant had been returned to Denver, and it was demonstrated that they matched the latent fingerprints found on the “TIDE” box. Defendant was convicted by the jury of both aggravated robbery and conspiracy to commit aggravated robbery. These convictions were affirmed by this Court in DeBaca v. People, 160 Colo. 543, 418 P.2d 286.
On January 23, 1970, defendant filed his motion to vacate his conviction pursuant to Colo. R. Crim. P. 35(b), alleging, among other things, that his Fourth Amendment rights had been violated by the use at his trial of the “illegally seized” new set of fingerprints. After an evidentiary hearing, defendant was denied relief under his 35(b) motion.
The only issue defendant presents for our consideration concerns the propriety of the admission in evidence against him at trial of the new set of fingerprints, which had been taken from him after he was arrested and brought back to Denver. He argues that this case falls within the ambit of the rule laid down by the United States Supreme Court in Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676. There, it was held that fingerprints taken from a person after an unlawful arrest or detention cannot be used in evidence against him at trial.
In support of defendant’s argument, he contends that under the standards set forth in People v. Moreno, 176 Colo. 488, 491 P.2d 575, the complaint against him was insufficient to support the arrest warrant pursuant to which he was taken into custody; that there was no probable cause for his arrest; and that, therefore, his arrest was illegal.
We find the defendant’s argument to be without merit. It is clear from a reading of the record that defendant’s arrest was not illegal. At the 35(b) hearing, the trial court found there existed probable cause to arrest the defendant, based upon the investigation of the robbery which uncovered a set of latent fingerprints matching those of the defendant already on file with the Denver police department. The court found as follows:
“Then we come to the third problem as to whether the *114 Defendant was illegally arrested, and it appears to the Court that after the offense on September 24, 1964, that Detective Sherwitz was assigned to investigate the robbery and conspiracy, and the Court further finds that in his investigation he submitted certain sets of fingerprints of suspects to the Crime Lab.
“The Court further finds that on or about September 27, 1964, he submitted the prints of the Defendant in this action to compare with the found prints at the scene or on the Tide box. And the Court further finds that the fingerprints of the Defendant were available to the Police Department on account of prior arrests. And the Court further finds that the Identification Bureau made an identification of the Defendant’s prints comparing his filed prints with those on the Tide box.
“The Court further finds, that after receiving this information Detective Sherwitz went to the District Attorney’s Office and filed a case summary which summary has been marked as People’s Exhibit A. The summary was filed with the District Attorney during the first few days of October of 1964. Thereafter a complaint was filed against the Defendant, that was on October 6, 1964. The complaint was signed and verified by Mr. Thornton. At the time the complaint was filed the Defendant was in custody in Wyoming, and a Denver hold was placed against him in Wyoming.
“And the Court further finds that the Defendant was returned to Denver in January of 1964, and after he was returned he was re-printed. The fingerprints taken in January were used at his trial. Based on these facts, the Court concludes that the Denver Police Department had sufficient information to issue a warrant for the Defendant’s arrest, and the arrest and subsequent fingerprinting were not illegal.” There is substantial competent evidence in the record to support the foregoing findings of the court.
The trial court also found that the complaint against defendant was insufficient under the standards enunciated in People v. Moreno, supra. However, the court ruled that Moreno, supra, had only prospective application. In this *115 conclusion the court did not err.
In Moreno, supra, we held that a complaint, which is devoid of facts sufficient to establish probable cause to believe that the accused had committed the offense charged, was insufficient to support a valid arrest warrant. Subsequent to the trial court’s finding of non-retroactivity in the instant case, this Court on rehearing in People v. Moreno, supra, announced that Moreno was not to be applied retrospectively. The arrest of the defendant and the subsequent taking of his fingerprints are thus unaffected by our decision in Moreno some six years later. The arrest was legal under the then existing practice, there having been in fact probable cause to believe defendant was implicated in the robbery. Accordingly, it follows that the rule announced in Davis v. Mississippi, supra, is inapplicable and the trial court did not err in admitting into evidence defendant’s fingerprints.
The judgment is affirmed.
MR. JUSTICE KELLEY does not participate.