**The PEOPLE of the State of Colorado,
Plaintiff-Appellant,**

v.

**George Randall FOUNDS,
Defendant-Appellee.**

**No. 80SA364.**

Supreme Court of Colorado,
En Banc.

Jan. 5, 1981.

---

Robert L. Russel, Dist. Atty., Keith Cross, Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

J. Gregory Walta, State Public Defender, Denver, Jeffrey Dworkin, Deputy State Public Defender, Colorado Springs, for defendant-appellee.

LOHR, Justice.

In this interlocutory appeal under C.A.R. 4.1, the People seek reversal of the El Paso county district court's order granting the defendant's motion to suppress certain statements made by him to Colorado Springs police officers. We affirm.

On the evening of March 28, 1980, two police officers were dispatched to a store in a Colorado Springs shopping center after the burglar alarm in that store had been triggered. Upon arrival at the store, the officers saw the defendant, George Randall Founds, standing by a broken store window. Nearby was a suitcase. When the defendant saw the police he began to run. The officers pursued in their vehicle and caught the defendant after a short chase. He was arrested, searched, handcuffed, and placed in the back seat of the police car.

Without advising the defendant of his Miranda[1] rights, the officers sought to learn from him whether anyone else was inside the store. In reply to their questions, the defendant said that another person, whom he named and described, was or might be in the store and that the person was unarmed. Thereafter, another officer arrived and, again without a Miranda advisement, asked the defendant some of the same questions and received similar answers. The defendant then was transported to the police station in a police car. During the trip, in response to questions by an officer, the defendant stated that the other party had a vehicle. In answer to further inquiries, the defendant described

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

that vehicle and its location. No *Miranda* advisement preceded this questioning.

After the defendant arrived at the police station, he was interrogated and gave a detailed statement with respect to the break-in at the store and the events which led to it. Two days later, while he was still in custody, the defendant supplemented that statement in answer to further questions by the police. Each of the two interrogations at the police station was preceded by a proper *Miranda* advisement.

The defendant moved to suppress all the statements made by him after he was arrested. The trial court found that all the statements made before the defendant arrived at the police station were obtained in violation of his *Miranda* rights and that both statements made at the police station were tainted by the prior illegal statements and therefore were inadmissible pursuant to *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). In this appeal the People contend that all of the statements are admissible. We conclude that the trial court properly suppressed each of the statements.

## I.

■ First, we consider the statements made before the defendant arrived at the police station.

Statements obtained by the police as a result of interrogation of one who is in custody cannot be received in evidence unless the person questioned was first advised of certain constitutional rights, including the privilege against self-incrimination and the right to counsel. *Miranda v. Arizona, supra*. The People do not contend that the defendant was not interrogated on three occasions while he was seated in the back of a police car or that he was not in custody when the questioning took place. Rather, they urge that we recognize an exception to the *Miranda* rule to permit custodial interrogation directed to obtaining information important to protect the safety of officers engaged in the immediate on-scene investigation of a crime. *See People v. Mullins*, 188 Colo. 23, 532 P.2d 733 (1975). No such exception is appropriate here.

The trial court specifically found that the questions asked by the officers went far beyond matters relevant to self-protection, noting in particular the questions about the general description of the other participant and whether he was driving a vehicle. It found that the officers asked the questions to build a case for apprehension of the other person as well as to build a case against the defendant. This is the very type of questioning for which the *Miranda* safeguards were designed. The trial court's factual findings are supported by the record and cannot be disturbed on review. *E. g., People v. Lowe*, Colo., 616 P.2d 118 (1980); *People v. Scott*, Colo., 600 P.2d 68 (1979); *People v. Kelley*, 172 Colo. 39, 470 P.2d 32 (1970). Accordingly, we conclude that the statements made by the defendant before he arrived at the police station were properly suppressed.

## II.

We next consider the statements made at the police station.

■ Any statements which were obtained as a product of a prior illegally obtained statement are "fruit of the poisonous tree" and cannot be received in evidence. *Wong Sun v. United States, supra*. As we have recently said,

"If the evidence to which the objection is made has been produced by exploitation of the initial illegal police action, the evidence is tainted and inadmissible. But if the evidence has been obtained by means sufficiently distinguishable to be purged of the primary taint, the evidence is admissible."

*People v. Lowe*, Colo., 616 P.2d 118, 123 (1980); *accord, e. g., People v. Bates*, 190 Colo. 291, 546 P.2d 491 (1976).

■ The People have the burden to establish that the statements made at the police station were not products of the defendant's earlier statements, which were illegally obtained. *Harrison v. United States*, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968); *People v. Lowe, supra*.

**328**

In the present case, the People did not carry that burden.

 The defendant testified that one reason he made his statements at the police station was that he had already admitted the crime in the earlier statements which we have concluded were obtained in violation of his *Miranda* rights.[2] This evidence supports the trial court's factual finding that the statements at the police station were the products of the illegally obtained earlier statements.[3] Because that finding is supported by the record, it cannot be disturbed on review. *E. g., People v. Lowe, supra; People v. Scott, supra; People v. Kelley, supra.* The statements made at the police station were properly suppressed. *See People v. Hutton,* 190 Colo. 382, 547 P.2d 237 (1976).

The ruling of the trial court is affirmed.

---

2. The defendant's testimony was not fully consistent as to whether he thought his earlier statements could be used against him. It was within the province of the trial court as finder of fact to resolve those inconsistencies.

3. The trial court noted but did not resolve a question whether the defendant's statements at the police station were otherwise voluntary. The conclusion, with which we agree, that the statements must be excluded as fruit of the poisonous tree made it unnecessary to consider this question.