The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Donald William HOGAN, Defendant-Appellant.

No. 82CA1437.

Colorado Court of Appeals, Div. II.

March 14, 1985.

Rehearing Denied April 4, 1985.

Certiorari Denied Aug. 19, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Daniel Dailey, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

Following a jury trial, the defendant, Donald William Hogan, was convicted of aggravated motor vehicle theft. On appeal, he contends that the trial court erred by failing to suppress statements the defendant made after his illegal arrest and the search of his home, by failing to exclude an out-of-court photographic identification of the defendant, and by admitting evidence of a similar transaction. We affirm.

The charges against the defendant arose from the theft of a motorcycle from Mark Bowen on July 1, 1980. Bowen had advertised the motorcycle for sale, and in response, a prospective buyer arrived, took the motorcycle for a test drive, but never returned. On July 16, 1980, that same motorcycle, with Bowen's license plate removed and replaced by an expired plate, was recovered near the scene of the robbery of a Dr. Stranahan, in Denver. A motor vehicle was stolen from Dr. Stranahan.

The license plate was checked through the motor vehicle department whose records indicated that the plate had expired two years earlier, and was listed to a Donald Bruce Hogan. A check of the address shown on the motor vehicle records revealed there was no such person at that address. Because the photograph of "Donald Bruce Hogan" in the motor vehicle department records was of poor quality, active investigation of the case ceased.

The next major development occurred on April 8, 1981, when defendant, Donald William Hogan, was arrested at his home by four Denver police officers on different charges. The arrest was subsequently held to be illegal because of a warrantless entry into the house. *People v. Hogan*, 649 P.2d 326 (Colo.1982).

During the search of Hogan's home following that arrest, however, the police found physical evidence implicating him in the Stranahan robbery, as well as the armed robbery of one Frances Van Schaack of a motor vehicle. Also, according to a police officer, the defendant made a "non-verbal" acknowledgment of responsibility of the Stranahan robbery, and stated that he "did not remember" Van Schaack. Therefore, a photographic lineup, which included a photograph of the defendant, was prepared and shown to Stranahan and Van Schaack. Stranahan selected three of the nine photographs in the exhibit as looking similar to the robber. At trial, however, Stranahan identified the defendant. Van Schaack identified the defendant from the photographic array.

Because the defendant had acknowledged responsibility for the Stranahan robbery, and because the Bowen motorcycle had been found at the scene of the robbery, Bowen and his fiancee were also shown the photographic array. Bowen made an uncertain selection of the defendant, and his fiancee completely failed to identify him. At trial, Bowen was still uncertain, but his fiancee positively identified the defendant as the man who had stolen the motorcycle.

I.

On appeal, the defendant contends that the trial court erred in admitting evidence of the photographic identification and his statements inculpating him in other robberies, because they were obtained as a result of an illegal arrest. We disagree.

The rule that evidence obtained in, or as a result of, an illegal search and seizure must be suppressed does not proscribe the use of illegally seized evidence in all proceedings or against all persons. *See United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). The question to be resolved is whether the chal-

lenged evidence was obtained by exploitation of the initial illegality, or instead, whether it was obtained by a means sufficiently distinguishable to be purged of the primary taint. *See Segura v. United States*, 468 U.S. ——, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984).

The exploitation of an illegality will not be found, despite the existence of a causal connection between the illegality and the acquisition of evidence, if the evidence was traceable through an independent source, if the evidence was sufficiently distant from the illegality so that the connection has become attenuated, or if the evidence inevitably would have been lawfully obtained. *See People v. Madson*, 638 P.2d 18 (Colo.1981). Factors to be considered to determine if the taint has been removed include lapse of time, presence of intervening circumstances, and the flagrancy of the police conduct. *See People v. Founds*, 621 P.2d 325 (Colo.1981).

Applying these rules, the trial court determined that the evidence was not tainted by the illegality surrounding the defendant's arrest. It concluded that the taint from the Denver arrest did not extend to the limited use of the evidence in this case, and that the independent source, attenuation, and inevitable discovery rules would allow its admission. We agree with the trial court's analysis.

### A.

After the illegal arrest, the defendant acknowledged his involvement in other robberies. That statement was not suppressed, however, because the trial court found it sufficiently attenuated from the illegal action that it was purged of the taint.

In so ruling, the court relied upon the following circumstances: The questioning of defendant that led to the statement occurred more than 12 hours after the arrest; before the questioning, the defendant had been advised of his *Miranda* rights and had signed forms indicating that he both understood and waived those rights; the defendant was not threatened, coerced, intimidated, or pressured into signing the waiver or into offering information; the police conduct which resulted in the illegal arrest was not a flagrant attempt to obtain evidence not otherwise available for use in this prosecution; the police had the independent identification by a victim of the defendant; and the police did not question the defendant about the theft he is now charged with.

This evidence is sufficient to support the court's findings that the statement was voluntary and admissible under CRE 403, that it was an act of free will, *see United States v. Thorp*, 498 F.Supp. 1202 (D.Colo. 1980), and that it therefore was sufficiently attenuated from the illegal arrest to be purged of the taint. Therefore, we agree with the court's finding that the People did meet their burden of establishing that the statements at issue were admissible in this prosecution for the limited purpose of showing a similar transaction. *See People v. Founds, supra; People v. Lowe*, 200 Colo. 470, 616 P.2d 118 (1980).

### B.

The court also found that Stranahan's out-of-court identification of the defendant was not inadmissible as being the result of an exploitation of the prior illegality. The prior illegality here concerned the defendant's arrest on simple ordinance violations; however, nine months earlier the police had recovered the license plate on the motorcycle near the scene of the Stranahan robbery, had traced it to a Donald Bruce Hogan, and had obtained a photograph of the defendant. Also, prior to the defendant's arrest on the ordinance charges, a picture of him had been published in the Denver Police Bulletin.

Stranahan's out-of-court identification testimony could have been obtained from an independent source, *i.e.*, the previously obtained photograph. Moreover, the leads from the license plate and the motor vehicle data, as well as the other photograph which the police already had, all support the conclusion that Stranahan would have

inevitably, in the normal course of a lawful investigation, been given the opportunity to identify the defendant. Therefore, the trial court properly found that this evidence was admissible. *See Nix v. Williams*, —— U.S. ——, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984).

 Furthermore, even if the admission were error, Stranahan related the basis for his recollection of the robber, and unequivocally and without hesitation identified the defendant in court. Therefore, if error at all, the admission of Stranahan's out-of-court identification of the defendant was not reversible error.

## II.

Finally, the defendant contends that the trial court erred by admitting evidence concerning the armed robbery of Van Schaack. He argues that the evidence was unnecessary to establish the element of intent, the common aspects of the transactions were nominal and nondistinctive, and there was no nexus in time, place, or character of the transactions. We disagree.

Evidence of other crimes is excluded if offered to prove that the defendant is a person of criminal character; however, it may be admissible for other purposes, *see* CRE 404(b), unless its probative value is substantially outweighed by the danger of unfair prejudice. CRE 403. It is within the discretion of the trial court to balance the probative value against the prejudicial effect, and the trial court's finding will not be reversed absent a clear showing of abuse of discretion. *People v. Corbett*, 199 Colo. 490, 611 P.2d 965 (1980); *see People v. Ihme*, 187 Colo. 48, 528 P.2d 380 (1974).

In this case, the prosecution offered the Van Schaack evidence as tending to show the defendant's identity as the perpetrator of the Bowen theft. The defendant had never conceded this, and had consistently attacked all evidence linking him to that crime. Because the evidence was being offered for a valid purpose, *see People v. Casper*, 641 P.2d 274 (Colo.1982), it was within the province of the trial court to determine, based on the similarities, dis-

similarities, and remoteness in time, whether proof of the defendant's involvement in the matter was sufficiently probative of his involvement in the offense charged. *See People v. Ihme, supra.*

Here, the court specified the distinctive features of the two transactions; that is, both victims placed advertisements for the sale of a vehicle in the same newspaper, both crimes were committed after the victims were induced to relinquish the vehicles for test drives, and in both cases, the vehicles were subsequently abandoned. The court also found the incidents close enough in time, June 1 to August 29, to meet the threshold standard of admissibility. Therefore, the three-month hiatus between the thefts goes to the weight of the evidence, not its admissibility. *People v. Taggart*, 621 P.2d 1375 (Colo.1981); *People v. Ihme, supra.* Because the court did consider the dissimilarities in the transactions, but nonetheless found the similarities to outweigh the dissimilarities, we do not find its admission of the evidence to be an abuse of discretion.

The judgment is affirmed.

SMITH and KELLY, JJ., concur.