**Geno Henry BARBER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 26325.**

United States Court of Appeals
Fifth Circuit.

July 2, 1969.

D. W. Latimore, Jr., Atlanta, Ga., court-appointed, for appellant.

Floyd M. Buford, U. S. Atty., D. L. Rampey, Jr., Asst. U. S. Atty., Macon, Ga., for appellee.

Before COLEMAN and SIMPSON, Circuit Judges, and MEHRTENS, District Judge.

SIMPSON, Circuit Judge:

The appellant was charged in a one-count indictment with violating the provisions of Title 18, U.S.C., § 2113(d) by robbing the National Bank & Trust Company in Macon, Georgia, of $66,545. He was tried before a jury, found guilty, and sentenced to 18 years imprisonment. On this appeal he questions the legality of his arrest and the in-court identification made by certain eyewitnesses. He also complains of the trial court's failure to give a cautionary instruction to the jury regarding the perils of eyewitness identification. In the alternative, he urges that the district judge's failure to comment upon the evidence so as to place it in proper perspective prejudiced his right to a fair trial.

▮ As to his first claim, the record shows that the arrest made in Greensboro, N. C., was legal. A valid arrest warrant was in existence, although not in the officer's possession at the time of the arrest. The officer testified that he told appellant that there was an outstanding warrant for his arrest for a Macon, Georgia, bank robbery, and advised him of his rights. This was sufficient. Rule 4(a) and (c) (3), F.R.Crim. P. Additionally, since at the time of arrest no incriminating statements were made by appellant, and no property was seized from him that either aided in the prosecution or was used in evidence at trial, it follows that no prejudice to him occurred in this connection.

Turning to the in-court identifications made by the bank employees, the appellant urges that they were tainted and that their admission in evidence deprived him of a fair trial. The witnesses were shown photographs of the appellant a week prior to making their in-court identifications. He also suggests that the primary government witness, Mrs. Weeks, viewed a purported lineup at a time when appellant was not represented by counsel.

▮ We conclude that the initial identification by photographs was permissible under the teachings of Simmons v.

United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). There the Court refused to make a blanket prohibition as to this procedure but went on to say that the facts on each individual case must be considered and that convictions based on eyewitness identification at trial following a pretrial identification by photographs will be set aside only if the identification process was so suggestive as to result in the substantial likelihood of irreparable misidentification.

Mrs. Weeks was the bank employee who was approached by the unmasked robber and she was the one forced to take him to the money drawers and help him get the money. The other eyewitnesses (three lady bank tellers) watched the proceedings from a corner of the lobby. The record shows that the three tellers and Mrs. Weeks viewed a series of 18 "mug shots" shortly after the robbery. Only Mrs. Weeks was able to make a positive and unconditional identification from the photographs. She picked appellant's pictures. After appellant's arrest in North Carolina Mrs. Weeks and one of the tellers (Mrs. Kemp) went to Winston-Salem and viewed a lineup of seven men, including appellant. Mrs. Weeks again selected the appellant and indicated that he was the robber. Mrs. Kemp selected the appellant from the lineup but she indicated that she was not positive. Appellant's counsel was present at the lineup and there is no suggestion that it was not conducted in a manner consistent with the principles expressed by the Supreme Court in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). The two tellers who did not attend the lineup saw another series of "mug shots" one week before the trial. Again neither lady made a positive identification. At the trial all three tellers, along with Mrs. Weeks positively identified the appellant, Geno Henry Barber, as the man who robbed the bank.

Appellant's argument is similar to that urged in Simmons v. United States, supra, where it was unsuccessfully urged that the identification procedure was so unduly prejudicial as to fatally taint Simmons' conviction. Each of the witnesses was fully cross-examined as to her inability to make positive identification from the "mug shots," and her later in-court identification. In general their testimony was that their in-court identification was based upon impressions made by appellant upon them during the progress of the robbery, e. g. his movements and his eyes. We are not persuaded that appellant suffered any prejudice by reason of the identification procedure.

■ Finally, the appellant urges that the trial court should have cautioned the jury as to the perils of eyewitness identification.[1] We hold that the charge considered in its entirety correctly stated the law and that the jurors were properly and sufficiently instructed in this respect.

■ Alternatively the appellant urges that the trial court was under a duty in the circumstances present at trial to comment on the evidence respecting identification and place it within its proper perspective. Under well-settled principles the matter of comment upon the

[1]. Appellant contends that the following instruction was insufficient:

"The defendant has raised the question of misidentification. Whether or not the witnesses have identified the right person is a question solely for you jurors as triers of facts in this case. You may take into consideration all of the circumstances surrounding the in court identification of the accused as was elicited from the examination of the identifying witnesses."

It should be pointed out that the court also instructed the jurors:

"You must be satisfied beyond a reasonable doubt of the identification of the defendant before you may convict him. If the circumstances of the identification are not convincing beyond a reasonable doubt, you must find the defendant not guilty."

evidence by a federal judge is one within his sound discretion. No abuse of that discretion is made to appear in this record.

The judgment of the trial court is Affirmed.