495 P.2d 18

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Arthur Romuald DESCHAMPS, III and Randolph Douglas Wood, Defendants-Appellants.**

**No. 10849.**

Supreme Court of Idaho.

July 30, 1971.

Rehearing Denied Sept. 27, 1971.

Certiorari Denied April 3, 1972.

See 92 S.Ct. 1310.

Wayne L. Kidwell and Walter H. Bithell, Boise, for appellant, Arthur Romuald Deschamps, III, Ryan & Sweet, Weiser, and Anthony F. Keast, Missoula, Mont.. for appellant Randolph Douglas Wood.

W. Anthony Park, Atty. Gen., Martin R. Ward, Deputy Atty. Gen., and Charles P. Brumback, Asst. Atty. Gen., Boise, and Frank H. Joseph, Pros. Atty., Weiser, for plaintiff-respondent.

SPEAR, Justice.

On May 4, 1968 the sheriff's office in Washington County received an all points bulletin (APB) which provided the license number and description of a vehicle suspected of transporting marijuana and other narcotics. Having been apprised of the APB, Deputy Wadley went on patrol accompanied by Ronald Douglas. The deputy observed the suspect vehicle and stopped it at approximately 11:30 a. m.

Appellants were the occupants of this automobile. Deputy Wadley advised them that they were suspected of possessing marijuana, read them their rights, and frisked them. The deputy then requested appellants' permission to search the automobile which they refused. Wadley informed them that they were being detained.

Appellants were then taken to the sheriff's office, with Douglas driving appellants' vehicle. After Deputy Wadley and appellants arrived at the sheriff's office, the sheriff requested the prosecuting attorney to prepare the necessary papers to support the issuance of a search warrant and a warrant of arrest.

These papers were presented to the probate judge who issued a search warrant and, later, a warrant of arrest. Appellants assert that the information contained in the unsupported APB was the only evidence presented to the probate judge to establish probable cause, and that it was insufficient primarily because it was based on hearsay. The State, however, contends that the information initiating the APB was supplied by a hitch-hiker given a ride by appellant, and this was also divulged to the probate judge.

At trial, appellants asserted the illegality of the arrest and search, but the district court denied various motions based upon these objections. Upon a jury trial appellants were convicted of possession of marijuana. Judgment of conviction was entered on the verdict and each was sentenced to an indeterminate term not to exceed five years in the Idaho State Penitentiary.

■ On appeal, appellants continue these objections through assignments of error, all on the basis that the APB received by the Washington County sheriff's office does not provide probable cause for their arrest or the issuance of a search warrant. It is our conclusion that an official police communication does provide probable cause for either purpose so long as the communication itself is based upon sufficient information to constitute probable cause.

■ Respondent cites several recent cases in which courts have found that a police communication will satisfy the constitutional probable cause requirement if it was issued with probable cause. These cases are: United States v. Ayers, 426 F. 2d 524 (2d Cir. 1970); Coleman v. United States, 137 U.S.App.D.C. 48, 420 F.2d 616 (1969); Ojeda v. Superior Court, In and For County of Monterey, 12 Cal.App.3d 909, 91 Cal.Rptr. 145 (1970). In the case at bar the information which precipitated the issuance of the APB was supplied by a known and identified informant who had personally seen the marijuana in the possession of the appellants. This provided

a valid basis to issue the APB and established probable cause for the subsequent arrest and issuance of the search warrant.

Appellants cite Whiteley v. Warden, Wyoming State Penitentiary, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971), as supporting their contention that an APB cannot supply probable cause for a warrantless arrest unless the arresting officer knows the facts causing its issuance. We cannot agree that *Whiteley* can be so interpreted. That case concerned a situation where the Court found the information supporting the communication had been supplied by an undisclosed informant, that it was inadequate and that the ensuing arrest on the strength of such communication was without probable cause. However the Court also stated:

"We do not of course question that the Laramie police were entitled to act on the strength of the radio bulletin. Certainly police officers called upon to aid other officers in executing arrest warrants are entitled to assume that the officers requesting aid offered the magistrate the information requisite to support an independent judicial assessment of probable cause. Where, however, the contrary turns out to be true, an otherwise illegal arrest cannot be insulated from challenge by the decision of the instigating officer to rely on fellow officers to make the arrest." 401 U.S. at 568, 91 S.Ct. at 1037.

Therefore, the United States Supreme Court has not disturbed those decisions which hold that there is probable cause for a warrantless arrest on the basis of an official police communication supported by information itself reliable enough to supply probable cause. Furthermore the conclusion to be reached from the above quoted language is that the Court has specifically sanctioned such procedure.

Since the APB provided probable cause for the warrantless arrest, we find that there was also probable cause for the issuance by the probate judge of the search warrant and subsequent warrant of arrest.

At the pretrial conference Probate Judge Henderson testified:

"Q   Well, I will withdraw that question. Will you tell the Court, if you will, the whole extent of the conversation that the sheriff revealed to you as to any facts prior that he revealed to you concerning this thing in the all points bulletin, any information he gave you?

"A   The position of the marijuana was mentioned and that the hitchhiker had told whoever had the all points bulletin put out, had told those people that there was marijuana in possession and that the hitchhiker himself had a marijuana with him and was possibly in his shirt pocket, if I remember correctly, and he had a pill in his shoe.   Those two things struck me as odd."

Not only did the probate judge have the information in the APB before him, which we feel would have been sufficient, but he was also informed of the source of the communication.

Judgment of the district court affirmed.

McQUADE, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.