**No. 80SA30**

**The People of the State of Colorado v. Michael Coto and Janie Coto**

(611 P.2d 969)

Decided May 19, 1980.

Nolan L. Brown, District Attorney, Douglas S. Wamsley, Special Deputy, for plaintiff-appellant.

Howard Bittman, for defendants-appellees.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

This interlocutory appeal was taken after the trial judge suppressed evidence seized in a search of the residence of the defendants, Michael and Janie Coto. We affirm the trial court's suppression order.

A protracted investigation of the management of the professional volleyball team known as the Denver Comets culminated with an indictment and, ultimately, a series of arrests made on July 14, 1979. Prior to those arrests, investigators from the Organized Crime Strike Force, who conducted the investigation, learned from Florida authorities that an arrest warrant had been issued in Florida for Michael Coto, an employee of the Denver Comets. The officers determined to arrest Coto pursuant to the Florida warrant at approximately the same time as the other arrests based on the Colorado indictment. Officers Andrew and Humphrey were directed to arrest Coto at his home.

Unbeknownst to the officers assigned to arrest Coto, however, Officers Simmons and Foster went to the Coto residence and arrested Michael Coto. When Officers Andrew and Humphrey arrived at the Coto residence shortly thereafter, Janie Coto informed them that her husband had already been arrested and had been taken to the police station. Since Michael Coto's automobile was parked in front of the premises, the officers concluded that he must still be inside the house. Without attempting to verify Janie Coto's statement, they entered the Coto residence and conducted a search for Michael Coto.

During the search of the Coto residence, the officers discovered a small quantity of marijuana and several large bales of the type used to transport marijuana. Officer Humphrey then left the premises to secure a search warrant based on the observations made by the officers. A subsequent search resulted in the seizure of two hundred pounds of marijuana and a small quantity of cocaine. Thereafter, charges were filed against both Michael and Janie Coto for the unlawful possession of a dangerous drug with intent to dispense, *see* sections 12-22-404 and 412(3), C.R.S. 1973 (now in 1978 Repl. Vol. 5), and with the unlawful possession of a narcotic, *see* sections 12-22-102 and 322(2)(b), C.R.S. 1973 (now in 1978

Repl. Vol. 5).

Prior to trial, the defendants moved to suppress the evidence seized at their residence on the grounds that it was obtained as the fruit of an illegal search. In support of their motion, the defendants argued that, upon Michael Coto's arrest, Officers Andrew and Humphrey no longer had authority to search the Coto residence. The defendants also asserted that the search was illegal because there was no warrant authorizing Michael Coto's arrest. Based on the former argument, the trial court suppressed the evidence, holding that Officers Simmons and Foster were charged with the duty of advising Officers Andrew and Humphrey that Coto was in custody. Because we find the defendants' second argument dispositive of this case, it is not necessary to address the issue relied upon by the trial court.

In *People v. Moreno*, 176 Colo. 488, 491 P.2d 575 (1971), we held that a police officer may not enter into a private residence to effect an arrest unless there are exigent circumstances sufficient to justify the warrantless entry or the officers have an arrest warrant. Our decision has recently been recognized by the United States Supreme Court in *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). *People v. Moreno* was cited in support of the Supreme Court's holding that exigent circumstances are required to justify a warrantless entry into a home to make an arrest.

In this case, the Florida warrant, relied upon by the prosecution has no effect in this state except to provide the probable cause needed to make an arrest of the defendant. *State v. Everett*, 110 Ariz. 429, 520 P.2d 301, *cert. denied*, 419 U.S. 880, 95 S.Ct. 144, 42 L.Ed.2d 120 (1974); *Berigan v. State*, 2 Md. App. 666, 236 A.2d 743 (1968). *Cf. United States v. Trunko*, 189 F.Supp. 559 (D.C. Ark. 1960). Although probable cause may be sufficient to justify a warrantless arrest, *see People v. Nanes*, 174 Colo. 294, 483 P.2d 958 (1971), it is not sufficient under *Payton v. New York, supra* and *People v. Moreno, supra*, to justify a warrantless entry into the defendants' premises in the absence of exigent circumstances. Here, there were no exigent circumstances extant and therefore the officers had no authority to enter the premises.

Accordingly, since the officers were not legitimately on the premises, the contraband discovered in a closet in plain view must be suppressed. In addition, evidence seized pursuant to the resulting search warrant, which was issued on the basis of the illegal entry, must be suppressed. *See Harris v. United States*, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); *People v. Billington*, 191 Colo. 323, 552 P.2d 500 (1976); *People v. Renfrow*, 172 Colo. 399, 473 P.2d 957 (1970).

The trial court's order to suppress is affirmed.