Charles K. **ELDER** and Beverly S. Elder, husband and wife, Plaintiffs,

v.

R.D. **HOLLOWAY;** Other Unknown Employees and/or Agents, individually and in their official capacity as police officers for the Ada County Sheriff's Office, et al., Defendants.

Civ. No. 88–1329–HLR.

United States District Court, D. Idaho.

Jan. 31, 1995.

John C. Lynn, Lynn Scott Hackney & Sullivan, Boise, ID, for plaintiffs.

James J. Davis, Boise, ID, for defendants.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

RYAN, Senior District Judge.

#### I. PROCEDURAL BACKGROUND

On remand from the United States Supreme Court, the Ninth Circuit Court of Appeals entered an order remanding the above-entitled proceeding to this court. In

so doing, the court of appeals directed this court to reconsider the qualified immunity issue herein in light of *United States v. Al–Azzawy*, 784 F.2d 890 (9th Cir.1985), *cert. denied,* 476 U.S. 1144, 106 S.Ct. 2255, 90 L.Ed.2d 700 (1986), and all other relevant authority. *Elder v. Holloway,* 22 F.3d 897 (9th Cir.1994). Like the Supreme Court, the Ninth Circuit expressed no view as to whether *Al–Azzawy's* holding with respect to exigent circumstances, entitles defendants herein to qualified immunity. *Id.* See also *Elder v. Holloway,* 510 U.S. ——, 114 S.Ct. 1019, 127 L.Ed.2d 344 (1994).

To facilitate consideration of this limited issue on remand, the parties were given an opportunity to submit briefs. On June 20, 1994, Holloway's Memorandum in Support of Motion for Summary Judgment After Remand was filed.[1] On June 29, 1994, Plaintiff's Memorandum in Opposition to Holloway's Motion for Summary Judgment was filed. And, on July 15, 1994, Holloway filed a brief in reply.

Having fully reviewed the record with respect to Defendant Holloway's Motion for Summary Judgment, the court finds that oral argument would only delay, and would not significantly aid, the decision-making process. Therefore, no oral argument shall be entertained and based on the analysis to follow, defendant's motion shall be granted.

#### II. ANALYSIS

##### A. The Positions Taken by the Parties

In support of his motion for summary judgment, Defendant Holloway essentially contends that he is entitled to qualified immunity based on the fact that: (1) the law was not so clearly established that he could not have believed Elder's arrest was lawful; and/or (2) that he could have reasonably believed that exigent circumstances warranted Elder's arrest.

In response, Plaintiff Elder argues that Holloway is not entitled to qualified immunity. Plaintiff maintains that the law was clearly established at the time of his arrest and that "[o]rdering a person inside his

---

1. On remand, the only remaining defendant is R.D. Holloway. *See* Holloway's Memorandum in

Support of Motion for Summary Judgment After Remand, filed June 20, 1994, at 4 n. 2.

house to come out and surrenmder [sic] is an arrest within a residence and requires a warrant." Plaintiff's Memorandum in Opposition to Holloway's Motion for Summary Judgment, filed June 29, 1994, 13–14. Plaintiff maintains further that the exigency needed to excuse a warrant is generally a factual matter and is not appropriate for summary judgment.

## B. *The Issue of Qualified Immunity*

As more fully developed by the record herein, Plaintiff Elder was arrested without a warrant after Idaho police officers, including Defendant R.D. Holloway, surrounded the home where he was staying and ordered him to come out. After Elder exited his brother's house, Defendant Holloway placed him under arrest. Elder filed this action pursuant to 42 U.S.C. § 1983 essentially claiming that in the absence of an *Idaho* arrest warrant, his arrest was unconstitutional.

In *United States v. Al–Azzawy*, 784 F.2d 890 (9th Cir.1985), *cert. denied*, 476 U.S. 1144, 106 S.Ct. 2255, 90 L.Ed.2d 700 (1986), police surrounded the suspect's house and, with weapons drawn, ordered him to come outside. When he emerged, he was taken into custody. The Ninth Circuit determined that "even though the suspect had exited the house and was physically seized outside, he was in fact 'arrested inside his residence without a warrant.'" *Elder v. Holloway*, 975 F.2d 1388, 1391 (9th Cir.1991) (quoting *United States v. Al–Azzawy*, 784 F.2d at 893). In so concluding, the Ninth Circuit "reaffirmed the rule that 'it is the location of the arrested person, and not the arresting agents, that determines whether an arrest occurs within a home.'" *Id.* (citations omitted). Ultimately, however, the court of appeals upheld the warrantless arrest in *Al–Azzawy* finding that it was justified by exigent circumstances.

■ This court did not discuss *Al–Azzawy* in its previous decision, *Elder v. Holloway*, 751 F.Supp. 858 (D.Idaho 1990). Accordingly, the focus of this court on remand is whether Defendant R.D. Holloway is entitled to qualified immunity, despite the fact that the *Al–Azzawy* decision was in existence at the time of Elder's arrest. Having revisited the record herein in light of *Al–Azzawy* and all other relevant authority, this court *still* believes that Holloway is entitled to qualified immunity.

As the Ninth Circuit recently recognized:

> The rule of qualified immunity " 'provides ample support' to all but the plainly incompetent or those who knowingly violate the law." *Burns v. Reed*, 500 U.S. 478, 494–95, 111 S.Ct. 1934, 1943–44, 114 L.Ed.2d 547 (1991) (quoting *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986)). "Therefore, *regardless of whether the constitutional violation occurred*, the officer should prevail if the right asserted by the plaintiff was not 'clearly established' or the officer could have reasonably believed that his particular conduct was lawful." *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir.1991) (emphasis supplied). Furthermore, "[t]he entitlement is an immunity from suit rather than a mere defense to liability; ... it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985).

*Schroeder v. McDonald*, 41 F.3d 1272, 1278–79 (9th Cir.1994).

Despite the existence of *Al–Azzawy* at the time of Elder's arrest, this court does not find that the law was "clearly established" that Defendant Holloway had to secure an Idaho warrant before arresting Elder outside of his brother's house. Moreover, given the circumstances on the date of Elder's arrest, this court finds that Defendant Holloway "could have reasonably believed that his particular conduct was lawful."

As it considered this particular case, the Ninth Circuit Court of Appeals was even willing to acknowledged that:

> ... [A]ssuming that Elder's failure to proffer *Al–Azzawy* was inadvertent, and the district judge did not find it either, we are hard-pressed to say that the law was so clearly established that a reasonable law enforcement officer in Holloway's shoes would understand that what he was doing violated a constitutional right. *See Ward v. County of San Diego*, 791 F.2d 1329, 1332 (9th Cir.1986) (the court does not

"require of most government officials the kind of legal scholarship normally associated with law professors and academicians"), *cert. denied,* 483 U.S. 1020, 107 S.Ct. 3263, 97 L.Ed.2d 762 (1987).

*Elder v. Holloway,* 975 F.2d at 1396.

Thus, in reconsidering the qualified immunity issue herein in light of *Al–Azzawy* and all other relevant authority, this court finds that Defendant Holloway is entitled to qualified immunity because the law was not clearly established and because Holloway reasonably believed that his conduct in arresting Elder was lawful.

### C. The Issue of Exigent Circumstances

In the alternative, even if the *Al–Azzawy* decision could be considered to have clearly established the law applicable to the situation presented in this case and put Defendant Holloway on notice that he should have obtained an Idaho warrant before arresting Elder at his brother's house, this court finds that the warrantless arrest was justified by exigent circumstances.

In its previous order, the court granted summary judgment in favor of the defendants based on qualified immunity. The court stated in passing that questions of fact appeared to preclude entry of summary judgment on the grounds that exigent circumstances excused the warrant requirement. However, having conducted a second careful and thorough review of the entire record in this matter, and in light of the decision in *Al–Azzawy,* the court now finds that there are no genuine issues of material fact in dispute and that there is abundant evidence that exigent circumstances existed to excuse Elder's warrantless arrest.

■ Exigent circumstances are " 'those in which a substantial risk of harm to the persons involved or to the law enforcement process would arise if the police were to delay a search [or arrest] until a warrant could be obtained.' " *Al–Azzawy,* 784 F.2d at 894 (alteration in original) (citation omitted). Exigent circumstances are present when "a reasonable person [would] believe that entry (or other relevant prompt action) was necessary to prevent physical harm to the officers or other persons, the destruction of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts." *United States v. McConney,* 728 F.2d 1195, 1199 (9th Cir.) (en banc), *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

■ In *Al–Azzawy,* the Ninth Circuit Court of Appeals concluded that exigent circumstances existed on the sole basis that police officers had been informed by a reliable person that Al–Azzawy possessed explosives and was in an agitated and violent state. *Al–Azzawy,* 784 F.2d at 894.[2] In this case, the police were informed by a reliable person, Elder's own brother, that Elder had access to weapons inside the house and would resist police. Indeed, many of the undisputed facts surrounding Elder's arrest are more egregious than those present in *Al–Azzawy.* For example:

1. Elder was wanted in Florida under two felony warrants, one being aggravated battery which arose from an incident where the Plaintiff allegedly beat two individuals with a pool cue.

2. Law enforcement was aware that Elder had access to firearms.

3. Reliable sources had indicated that Elder made statements that he would not allow himself to be arrested and *would shoot it out with police.*

4. Elder's brother indicated that his brother [i.e., the Plaintiff] had access to

---

**2.** The court of appeals compared the circumstances in *Al–Azzawy* with those present in *United States v. Morgan,* 743 F.2d 1158, 1161–1163 (6th Cir.1984), *cert. denied,* 471 U.S. 1061, 105 S.Ct. 2126, 85 L.Ed.2d 490 (1985) (no exigent circumstances in case involving possible automatic weapons in similar circumstances). *Al–Azzawy,* 784 F.2d at 894. In *Morgan* the court held that there were no exigent circumstances justifying a warrantless intrusion by police where the defendant and his friends "were peacefully occupying a private home in the evening until they were alarmed by the surreptitious police approach and the bright lights," and where there was no evidence that the defendant or his friends "were engaged in the destruction of evidence or about to remove contraband to another jurisdiction." *Morgan,* 743 F.2d at 1163. Certainly, the facts surrounding Elder's arrest differ markedly from those in *Morgan.*

weapons inside the house and would resist police.

5. Elder and his brother had been loading up a pickup truck.

6. Holloway attempted to arrest Elder at his job site.

7. Elder left the job site because he had been advised by his employer that the Ada County Sheriff's Office was looking for him.

8. It was only after the attempt to arrest Elder at the job site failed that Holloway proceeded to the residence where Elder was residing to conduct surveillance with the intent of arresting Elder outside.

9. Elder's brother left the residence on horseback and was contacted by two law enforcement officers. Elder's brother confirmed that he [i.e., the Plaintiff] was in the residence, with firearms, and it was unsafe for the officers to approach the house.

10. At that point Holloway wanted Elder's brother's assistance in telephoning his brother [i.e., the Plaintiff] to come out of the residence and surrender himself.

11. Because Elder would not answer the telephone, the PA system on one of the patrol cars was utilized to broadcast a message to Elder to advise him of the circumstances on the outside of the house and to answer the telephone.

Holloway's Response Memorandum in Support of Motion for Summary Judgment After Remand, filed July 15, 1994, ¶'s 1–11 at 13–15 (emphasis added) (citations omitted).

Essentially conceding the foregoing facts, Plaintiff Elder argues that there was no exigency because Holloway had plenty of time to obtain an Idaho warrant. In response, Holloway points out the following:

It is true that Holloway became aware of the outstanding arrest warrants a few days before the arrest. It was not until the morning of the arrest, however, that Holloway obtained possession of the certified Florida warrants. It was at that time that the decision to arrest Elder at his place of employment was made. When [the officers] arrived at the job site they learned

that Elder knew they were looking for him. At that point Holloway believed he was dealing with a known felon, who possessed firearms, who would utilize those firearms to resist arrest, and who likely was retreating back to a personal residence. Still, Holloway did not intend to arrest Elder inside a residence. It was only after the surveillance was discovered by Elder's brother that the decision was made to contact Elder by phone within the home.

Even armed with those circumstances, Holloway could not obtain an arrest warrant for Elder because the state of Florida had not sent certified copies of both the complaints and the warrants as required by Idaho Code § 19–4513. Without both certified copies of the complaints and the warrants, an Idaho warrant of arrest would not issue. State v. Bradley, 106 Idaho 358, 679 P.2d 635 [ (1983), cert. denied, 464 U.S. 1041, 104 S.Ct. 705, 79 L.Ed.2d 169 (1984) ]. Consequently, Holloway was faced with a situation which was obviously a potential disaster. Elder knew the officers were after him, had already taken flight from the state Florida on the criminal charges pending against him there, was armed, and had threatened bodily injury in the event attempt was made to arrest him. There was no time to obtain a warrant.

Id. at 16–17 (emphasis added) (citation omitted).

Based on such facts, it seems entirely reasonable for Defendant Holloway to have believed that the arrest of Elder was necessary to prevent physical harm to police officers and to prevent Elder's escape. Therefore, under the unique facts presented in this case and in light of the holding in Al–Azzawy with respect to exigent circumstances, the court concludes that exigent circumstances justified Defendant Holloway in arresting Plaintiff Elder without an Idaho warrant.

### III. ORDER

Based on the foregoing and the court being fully advised in the premises,

IT IS HEREBY ORDERED that Defendant Holloway's Motion for Summary Judgment should be, and is hereby, GRANTED.

### JUDGMENT

Based upon this court's Order Granting Motion for Summary Judgment, dated January 31, 1995, and the court being fully advised in the premises,

IT IS ORDERED AND ADJUDGED that plaintiffs take nothing against defendants, and that this action be dismissed.

DATED this 31st day of January, 1995.