**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38907**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 462 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 3, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SCOTT ARTHUR WORTHINGTON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Judgment of conviction for felony driving under the influence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Scott Arthur Worthington appeals from his judgment of conviction for felony driving under the influence (DUI). Specifically, he challenges the district court's denial of this motion to suppress.

**I.**

**FACTS AND PROCEDURE**

An off-duty Idaho State Police Trooper, Steve Otto, initially contacted Worthington after observing Worthington, who appeared to be intoxicated, approach a vehicle with the apparent intent to drive. After Worthington failed a gaze nystagmus test, Trooper Otto warned Worthington not to drive. Worthington seemingly complied with Trooper Otto's warning not to drive, walking away from the vehicle. Trooper Otto informed Idaho State Police dispatch to notify local law enforcement that it was likely Worthington would return to the vehicle and drive, and provided a description of Worthington and the vehicle. Sergeant Jim Baker, with the Jerome City Police Department, responded to the scene and observed a man matching

1

Worthington's description get into the described vehicle and drive away. When Sergeant Baker pulled behind the vehicle, the driver immediately and abruptly pulled over onto a sidewalk. Sergeant Baker contacted Worthington, who appeared intoxicated. Worthington failed field sobriety tests and had a blood alcohol content of .29/.28.

The State charged Worthington with felony DUI. At the preliminary hearing, Worthington argued that because the State failed to establish who relayed Trooper Otto's information to Sergeant Baker, there was no probable cause for the stop. The magistrate rejected the argument, characterizing it as a motion to suppress, and bound Worthington over.

In district court, Worthington filed a "Motion to Dismiss Pursuant to I.C. 19-815A,"[1] claiming "no probable cause existed for Officer Baker to initiate contact with the defendant." The basis for the argument was the claim that because Sergeant Baker did not identify Trooper Otto by name at the preliminary hearing, Trooper Otto's information should be deemed to have come from an anonymous source. The district court denied the motion. Worthington thereafter entered a conditional guilty plea as part of a plea agreement preserving his right to appeal the denial of his motion to suppress.

## II.

## ANALYSIS

Worthington argues that because Sergeant Baker did not identify Trooper Otto by name in his preliminary hearing testimony, the district court should have treated the tip as anonymous; therefore, the district court erred in denying the motion to suppress, not finding a lack of reasonable suspicion.

In reviewing an order granting or denying a motion to suppress evidence, the appellate court applies a bifurcated standard of review. *State v. Purdum*, 147 Idaho 206, 207, 207 P.3d 182, 183 (2009); *State v. Watts*, 142 Idaho 230, 232, 127 P.3d 133, 135 (2005). The appellate court will accept the trial court's findings of fact unless they are clearly erroneous, but will freely review the trial court's application of constitutional principles in light of the facts found. *Purdum*, 147 Idaho at 207, 207 P.3d at 183; *State v. Diaz*, 144 Idaho 300, 302, 160 P.3d 739, 741 (2007).

---

[1]     Because the parties at the trial court treated the motion as one to suppress illegally obtained evidence, we analyze the issue under Fourth Amendment standards.

It is well-settled that a police officer may, in compliance with the Fourth Amendment, make an investigatory stop of an individual if that officer entertains a reasonable suspicion that criminal activity is underway. *Terry v. Ohio*, 392 U.S. 1, 29-30 (1968); *State v. Gallegos*, 120 Idaho 894, 896, 821 P.2d 949, 951 (1991). It is equally well-settled that an officer may rely on information provided by another officer to justify the stop. *See State v. Van Dorne*, 139 Idaho 961, 963-64, 88 P.3d 780, 782-83 (Ct. App. 2004) (citing *United States v. Hensley*, 469 U.S. 221, 231 (1985) ("[O]fficers at the scene may properly act on directions or information from another officer . . . ."). *See also Hensley*, 469 U.S. at 231 (1985) ("[I]f a flyer or bulletin has been issued on the basis of articulable facts supporting a reasonable suspicion that the wanted person has committed an offense, then reliance on that flyer or bulletin justifies a stop . . . ."). An official police communication does provide probable cause for arrest or issuance of a search warrant so long as the communication itself is based upon sufficient information to constitute probable cause. *State v. Deschamps*, 94 Idaho 612, 613, 495 P.2d 18, 19 (1971). "An officer in the field may rely on information supplied by other officers, and the collective knowledge of police officers involved in the investigation--including dispatch personnel--may support a finding of probable cause." *State v. Carr*, 123 Idaho 127, 130, 844 P.2d 1377, 1380 (Ct. App. 1992). *See also State v. Baxter*, 144 Idaho 672, 677-78, 168 P.3d 1019, 1024-25 (Ct. App. 2007) (referencing "collective knowledge doctrine").

Applying the above mentioned standards, it is clear that the information held collectively by the police justified a finding of reasonable suspicion for the stop. The evidence presented at the preliminary hearing established that Trooper Otto encountered Worthington, who showed signs of intoxication including having failed a gaze nystagmus test, warned him not to drive, and then informed Idaho State Police dispatch to notify local law enforcement to watch out for Worthington driving. Sergeant Baker was dispatched to the scene based on the report from Trooper Otto. Based on the description of the person and vehicle provided through dispatch, Sergeant Baker stopped Worthington as he drove from the scene of his encounter with Trooper Otto. Trooper Otto's observations raised reasonable suspicion that Worthington was under the influence, and Sergeant Baker's observations support the belief that Worthington was operating a motor vehicle. Therefore, the district court properly determined the traffic stop of Worthington's vehicle was supported by reasonable suspicion of DUI.

Accordingly, we affirm Worthington's judgment of conviction for felony DUI.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**

3